UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80138-CIV-HURLEY

DOUGLAS WOHLGEMUTH,
individually and as parent and next friend of
DYLAN WOHLGEMUTH,
KIMBERLY KAPLAN, individually, and
MELANIE TAYLOR, as parent and next friend of
CRAIG WOHLGEMUTH,
    plaintiffs,

vs.

MARJORIE BERG WOHLGEMUTH, individually and
as Trustee under the WILLARD M. WOHLGEMUTH
REVOCABLE TRUST AGREEMENT dated August 18, 1988, and as
Personal Representative of the WILLARD M. WOHLGEMUTH
LAST WILL AND TESTAMENT, dated September 20, 1995;
ELAINE CHASE, individually and
JOELENE BAKEBERG, individually,
    defendants.
_____/

MARJORIE BERG WOHLGEMUTH,
    Third Party plaintiff,

vs.

PRUCO LIFE INSURANCE COMPANY,
WACHOVIA INSURANCE AGENCY INC. and
WACHOVIA SECURITIES, LLC,
    Third Party Defendants.
_____/

## ORDER DIRECTING REMAND & CLOSING FILE

THIS CAUSE is before the court upon the defendant/counterplaintiff Marjorie Berg Wohlgemuth's motion for remand [DE # 101], including a request for attorney's fees and costs incurred in consequence of improvident removal.

## I. Preface & Procedural Background

On June 16, 2004, plaintiffs, Douglas Wohlgemuth, individually and as parent and next friend of Dylan Wohlgemuth, Kimberly Kaplan, and Melanie Taylor, as parent and next friend of Craig Wohlgemuth ["Wohlgemuth Children"] filed suit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Probate Division, against Marjorie Berg Wohlgemuth ["Marjorie Wohlgemuth"], Elaine Chase and Joelene Bakeberg asserting competing claims over the proceeds of an annuity. More specifically, plaintiffs asserted competing claims and cross claims relating to the estate and trust of, Williard M. Wohlgemuth, deceased, including a dispute over a $1,000,000.00 annuity owned by Willard M. Wohlgemuth and issued by Pruco Life Insurance Company ["Pruco"].

Pruco filed a petition to intervene against Marjorie Wohlgemuth and the Wohlgemuth Children, seeking to assert claims against them for attorney's fees and other relief as Intervener. After an amendment to the petition, on June 14, 2007 Marjorie Wohlgemuth filed Answer to Pruco's Amended Petition, asserting a "Counterclaim" against the "Counterdefendant" Pruco and against Wachovia Insurance Agency Inc. and Wachovia Securities LLC (collectively "Wachovia") as "Additional Counterdefendants," asserting claims for breach of fiduciary duties, negligence and negligent misrepresentations in connection with the purchase of annuity and change in annuity beneficiary, as well as cross claim against the Wohlgemuth Children for declaratory judgment.

On January 29, 2008, pursuant to agreed order, the state court dismissed the claims between the plaintiff Wohlgemuth Children and defendants Marjorie Wohlgemuth, Chase and Bakeberg, directing Pruco to distribute the proceeds of the controversial annuity consistent with the terms of the parties' settlement agreement. While dismissing these claims between these parties, the

dismissal order specifically left intact intact the third party claims of Marjorie Wohlgemuth against Pruco and Wachovia, reciting that those matters "continue to be set for trial in April, 2008."

On February 11, 2008, Wachovia filed notice of removal under 28 U.S.C.§ 1441, asserting the diversity jurisdiction of this court. On March 14, 2008, Pruco filed a notice of voluntary dismissal of its petition to intervene to interplead funds [DE# 13] , to which Defendant Marjorie Wohlgemuth promptly filed objection [DE# 14], contending that Pruco is not at liberty to unilaterally dismiss its petition to intervene at this juncture in light of the pendency of Marjorie Wohlgemuth's counterclaim. Pruco's voluntary notice of dismissal [DE# 13], which the court here deems to operate as a motion for voluntary dismissal under Rule 41(a)(2), is still pending.

The case is now before the court upon the Marjorie Wohlgemuth's motion to remand. Having carefully reviewed the motion [DE# 10], together with Wachovia's response in opposition [DE# 37], Marjorie Wohlgemuth's reply [DE#39] and Wachovia's notice of supplemental authority [DE# 40], the court agrees that removal is procedurally barred because this action was removed to federal court more than one year after the underlying state court suit was filed. Because the court finds remand appropriate due to this procedural bar, it is unnecessary to resolve Marjorie Wohglemuth's alternative challenges to the court's exercise of diversity jurisdiction.

## II. Discussion

Section 1446(b) plainly states that "a case may not be removed on the basis of jurisdiction conferred by [28 U.S.C. § 1332] more than 1 year after commencement of the action." 28 U.S.C. 1446(b). As explained in *Sasser v Ford Motor Co.*, 126 F. Supp. 2d 1333, 1335-37 (M.D. Ala. 2001), there are several reasons why this one year limitation period should be interpreted to run from the filing of the original complaint – not one year from the date of commencement of the action as

against a specific party. First, "removal statutes are construed narrowly," and, therefore, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*, citing *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Second, if Congress had intended for § 1446(b) to be claim or party specific, it could have worded the statute to make it so. Because it did not, the court should not reword the statute to read this way. *Id.* Third, although the legislative history does not specifically address the precise issue, "The thrust of the comments in that history support [this interpretation]." *Id.*

Thus, as recently reiterated in *First Merchants Trust Co. v. Wal-Mart Stores East, LP*, 2008 WL 2230684 (S.D. Ind. May 28, 2008):

> Section 1446(b) prohibits a later-added defendant from removing an initially non-removable case based on diversity jurisdiction more than one year after the case was commenced in state court. The plain language of the statute requires that result, even where the defendant is added so late that it never had a timely opportunity to remove the case. The legislative history confirms that Congress intended that result, which is also consistent with the overwhelming weight of case law.

*See also Bouza v Ford Motor Co.*, 2007 WL 4232697 (S.D. Fla. 2007)(Moreno, J.); *Manske v Rocky Mountain Holding Co LLC*, 2007 WL 570327 (D. Neb. 2007) ("The one year limit is a prophylactic measure intended to prevent 'substantial delay and disruption,' due to 'change in partes as an action progresses toward trial in state court.' After a certain period of time, a 'change in parties' would no longer justify removal"), citing *Russaw v Voyager Life Ins. Co.*, 921 F. Supp. 723 (M.D. Ala. 1996), quoting H.R. Rep. No. 889, 100th Cong., 2d Sess (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33).

In the absence of more specific guidance form the Eleventh Circuit on this question, this court adopts the view of *Sasser* and its progeny, holding that the one year limitation in § 1446(b)

applies from the date that the underlying state court action was originally filed. In this case, the underlying state court action was pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida for more than three years before Wachovia removed the action to this court on February 11, 2008. Although Pruco and the Wachovia third party defendants were not named as parties to the state court action until defendant Marjorie Wohlgemuth filed a third party complaint against them on June 14, 2007, the plaintiff Wohlgemuth Children commenced their original action against Marjorie Wohlgemuth, Elaine Chase and Joelene Bakeberg on June 16, 2004.

Upon this procedural history, the court concludes that removal is procedurally barred because Wachovia's notice of removal was filed more than one year after the Wohlgemuth Children filed their original complaint in the underlying state court action. *See generally Miedema v Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006); *Williams v AFC Enterprises, Inc.*, 389 F.3d 1185 (11th Cir. 2004); *Badon v R J R Nabisco, Inc.*, 224 F.3d 382 (2d Cir. 2000). In accordance with the binding precedent of *Burns*, the case must now be remanded.

It is accordingly **ORDERED AND ADJUDGED:**

1. The defendant/third party plaintiff Marjorie Wohlgemuth's motion for remand [DE# 10] is **GRANTED,** and this case is **REMANDED** to the Fifteenth Judicial Circuit in and for Palm Beach County, State of Florida, pursuant to 28 U.S.C. §1447(c).

2. The defendant/third party plaintiff Marjorie Wohlgemuth's request for attorney's fees and costs associated with improvident removal is **DENIED.**

3. The clerk is directed to **CLOSE** this file, **DENY** any other pending motions as **MOOT**, and send a certified copy of this order to the Clerk of the Fifteenth Judicial Circuit in and for Palm Beach County pursuant to 28 U.S.C. §1447.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 8th day of October, 2008.

```
                    Daniel T. K. Hurley
                    United States District Judge
```

copies to:
all parties